```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AAMIR AWAN, EXCALIBUR.UNITED STATES,
also known as EXCALIBUR.US,

                    Plaintiffs,          ORDER
                                         10-CV-0635(JS)(ARL)
        - against -

PARAS AWAN, also known as PARAS BALOCH,

                    Defendant.
----------------------------------------X
Appearances:
For Plaintiff:      Aamir Awan, Pro Se
                    20 Ledgewood Drive
                    Smithtown, NY 11787-4020

For Defendant:      No Appearance
```

SEYBERT, District Judge:

On February 12, 2010, pro se Plaintiffs Aamir Awan and Excalibur.United States, also known as Excalibur.US (together, "Plaintiffs") commenced this action pursuant to 18 U.S.C. § 2333 against Plaintiff Awan's estranged wife, Paras Awan, also known as Paras Baloch ("Defendant") alleging that the Defendant has committed an act of international terrorism. Accompanying the Complaint is an application by Plaintiff Awan to proceed in forma pauperis. Upon review of the declaration accompanying the application, the Court finds that Plaintiff Awan's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Plaintiff's application to proceed in forma pauperis is granted.

However, for the reasons that follow, Plaintiff's Complaint is <u>sua sponte</u> dismissed.

BACKGROUND

While difficult to discern, Plaintiffs' Complaint describes that Plaintiff Awan, an inventor and software engineer, is the Chief Design Engineer of Defendant Excalibur.US ("Excalibur"), a "national scale, civic governance/e-democracy software infrastructure" that is "connected to US national security." According to the Complaint, Plaintiff Awan is the biological father of an infant daughter, and shares joint custody with the Defendant. The Complaint appears to allege that on August 29, 2007, Defendant "committed attempted murder" of the Plaintiff's infant daughter, and, as result, has caused Plaintiff to suffer mental anguish thereby undermining the construction of Excalibur. According to the Complaint, Defendant has committed terrorism against the United States by undermining the construction of Excalibur. As a result, Plaintiffs seek damages in sum of $14 trillion and an order directing Defendant to perform unspecified community service.

DISCUSSION

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002).

An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). As should be readily apparent from a casual reading of the Complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." Id.

In the seventy-seven paragraph Complaint, comprised largely of conclusory and repetitive allegations, Plaintiff Awan contends that the Defendant's "murder attempt" of his daughter has

3

caused him severe mental anguish such that his work on the US Excalibur was interrupted. As a result, Defendant is alleged to have committed "terrorism against the United States." The Complaint describes that the Defendant's "attack" on Plaintiff Awan's health is also an attack on Excalibur and thus constitutes an attack on the United States, the federal government, and all of the citizens of the United States. Finally, the Complaint alleges that the Defendant has lied to the Suffolk County Police, the New York State Family and Supreme Courts as well as the United States State Department Embassy Officer on multiple, unspecified instances during the period August 2007 to January 2010.

Construing the Complaint liberally, the Court finds that Plaintiffs' claims are factually frivolous, "rising to the level of the irrational or wholly incredible," Denton, 504 U.S. at 26, and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). See, e.g., McCracken v. Fass, 06-CV-3892, 2006 WL 2927162, at *2 (E.D.N.Y. Oct. 10, 2006); Jones v. City of New York, No. 99-CV-8281, 2000 WL 516889 at *3 (E.D.N.Y. March 15, 2000); Manzu v. Manzu, No. 95-CV-4286, 1995 WL 837317, at *1 (E.D.N.Y. March 18, 1995).

## CONCLUSION

For the reasons stated above, Plaintiffs' request to proceed in forma pauperis is GRANTED. It is further ordered that

Plaintiffs' Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). The Clerk of the Court is directed to close this case.

                                    SO ORDERED.

                                    <u>/s/ JOANNA SEYBERT</u>
                                    Joanna Seybert, U.S.D.J.

Dated:    March <u>  26  </u>, 2010
           Central Islip, New York